UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| DEANGELO M. GARCIA, | Case Nos. 23-CV-709-JPS |
|---|---|
| Petitioner, | 15-CR-119-JPS |
| v. | |
| UNITED STATES OF AMERICA, | **ORDER** |
| Respondent. | |

On June 5, 2023, Petitioner Deangelo M. Garcia ("Garcia"), through counsel, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The motion is based upon *Taylor v. United States*, 142 S. Ct. 2015 (2022) (the "*Taylor* Decision"), which holds that attempted Hobbs Act robbery does not qualify as a predicate "crime of violence" under 18 U.S.C. § 924(c). *Id.* The Government does not oppose the motion, and the parties further agree that the Court should conduct a full resentencing on all counts of conviction. *Id.* at 4.

Upon consideration of the motion, it will be granted. Specifically, it will be granted to the extent that it is grounded on Garcia's conviction under § 924(c) being predicated on attempted Hobbs Act robbery (i.e., to the extent that it relates to his conviction on Count Two). Count Two of Garcia's judgment will be vacated, and the Court will set the matter for a full resentencing on all counts of conviction.

1.   **BACKGROUND**

On June 16, 2015, the grand jury returned a two-count indictment against Garcia. Case No. 15-CR-119, ECF No. 4.[1] On October 28, 2015, the Court accepted Garcia's guilty plea as to both counts. CR ECF No. 24.

On January 21, 2016, the Court sentenced Garcia to a term of 30 months as to Count One (Attempted Hobbs Act Robbery) and a mandatory minimum consecutive sentence of 120 months as to Count Two (Discharging a Firearm During a Crime of Violence), for a total term of imprisonment of 150 months, to be followed by five years of supervised release. CR ECF No. 35.

2.   **SCREENING**

The Court must now screen Garcia's § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**2.1   Timeliness**

The Court begins by addressing the timeliness of Garcia's motion. Section 2255(f) provides a one-year period in which to file a motion. 28

---

[1] Items on the docket in Case No. 15-CR-119 are hereafter cited to as "CR."

U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.*

Alternatively, however, and as applicable here, if the date on which a federal constitutional or statutory right is newly recognized and made retroactively applicable by the U.S. Supreme Court falls after the otherwise applicable date, it is that later date from which the one-year limitations period begins to run. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:1, 811 (2019 ed.); *see also* 28 U.S.C. § 2255(f)(3) ("The limitation period shall run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

Garcia filed his § 2255 motion within a year of the *Taylor* Decision. The critical question is therefore whether that decision applies retroactively. The *Taylor* Decision does not explicitly so state; however, multiple courts have generally held that it does. *See, e.g.*, *Pedro v. United States*, No. 22-CV-9387 (SHS); 03-CR-0346-1 (SHS), 2022 U.S. Dist. LEXIS 216175, at *3 (S.D.N.Y. Nov. 30, 2022) ("While neither [the] Supreme Court nor the Second Circuit has yet addressed the issue of whether *Taylor* can be applied retroactively on collateral review, some district courts have suggested that it can be."); *United States v. Craig*, No. 1:14cr/MW/HTC; 1:22cv66/MW/HTC, 2022 U.S. Dist. LEXIS 193030, at *4 n.4 (N.D. Fla. Sept. 26, 2022), *report and recommendation adopted,* 2022 U.S. Dist. LEXIS 192802 (N.D. Fla. Oct. 24, 2022) (vacated on other grounds) ("*Taylor* would be retroactively applicable to a challenge to a[] . . . § 924(c) sentence, because in that context the case would be a new substantive rule under *Teague*."). In this case, the Government does not oppose the motion, which the Court will understand

as a concession as to the retroactivity of the *Taylor* Decision. Therefore, Garcia's motion is timely.

### 2.2 Procedural Default

The Court next determines whether Garcia's motion suffers from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that a petitioner did not raise at trial or on direct appeal are typically procedurally defaulted, and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are several exceptions to this rule. As applicable here, actual innocence may excuse procedural default. *See McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013). In *Schlup v. Delo*, the United States Supreme Court held that a habeas petitioner may raise a claim of actual innocence to avoid a procedural bar to the consideration of the merits of his constitutional claims via the "miscarriage of justice" prong of the standard for excusing procedural default. 513 U.S. 298, 326–27 (1995) (superseded by statute on other grounds). To raise such a claim, a habeas petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 327 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In turn, to establish the requisite probability, a habeas petitioner must establish that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.*

In light of the *Taylor* Decision, Garcia is actually innocent of the § 924(c) offense as predicated on the attempted Hobbs Act robbery offense because "[f]or a defendant to be adjudicated of a § 924(c) offense, a jury must find: '(1) that the defendant committed the underlying federal offenses, (2) that the defendant used, carried, or possessed a firearm, (3) that any use, carriage, or possession of the firearm occurred during and in relation to (or in furtherance of) the federal offense, and (4) that the federal offense was in fact *a 'crime of violence.'*" *Hartsfield v. United States*, No. 20-CV-20362-RAR, 07-CR-20584-RAR-5, 2022 U.S. Dist. LEXIS 168909, at *20–21 (S.D. Fla. Sept. 19, 2022) (cleaned up) (emphasis added) (internal citation omitted). In light of the *Taylor* Decision, "a jury empaneled today could not find, as a factual matter," that Garcia committed Count Two—a § 924(c) offense predicated upon his attempted Hobbs Act robbery offense. *Id.* at *21. He can therefore be said to be actually innocent of that Count. *See id.* at *21–22 (collecting cases).

This conclusion is supported by the Government's non-opposition. As such, Garcia's motion, which seeks relief on the basis that attempted Hobbs Act robbery is no longer a predicate "crime of violence" under § 924(c), is not procedurally defaulted.

3.     **CONCLUSION AND SCOPE OF RESENTENCING**

In light of the foregoing, the Court will grant Garcia's unopposed motion to the extent that it seeks to vacate his conviction on Count Two (§ 924(c) violation as predicated on attempted Hobbs Act robbery) and will accordingly vacate Garcia's conviction on Count Two. In accordance with the parties' agreement, the Court will further set the matter for full resentencing on all counts of conviction. *United States v. Brazier*, 933 F.3d 796, 801 (7th Cir. 2019) ("Sentences for multiple offenses are generally

Page 5 of 7
Case 2:15-cr-00119-JPS    Filed 06/26/23    Page 5 of 7    Document 74

treated as 'packages,' so that when part of the package is removed on appeal, the district court may reconsider the overall sentencing package on remand.") (citation omitted). As the *Brazier* court observed, resentencing on all counts of conviction will permit the Court to consider Garcia's "actual conduct in exercising its judgment and discretion under 18 U.S.C. § 3553(a)," instead of only the essential elements of each piecemeal count of conviction. *Id.*

Accordingly,

**IT IS ORDERED** that Deangelo M. Garcia's unopposed motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, be and the same is hereby **GRANTED** according to the terms of this Order;

**IT IS FURTHER ORDERED** that the Court's judgment in Case No. 15-CR-119, CR ECF No. 35, be and the same is hereby **VACATED as to Count Two**, and will otherwise be **AMENDED** at Deangelo M. Garcia's resentencing on all counts of conviction, according to the terms of this Order;

**IT IS FURTHER ORDERED** that the U.S. Probation Office shall **FILE** a Revised Presentence Investigation Report in Case No. 15-CR-119 that includes, among other things, a recalculation of Deangelo M. Garcia's Guidelines range and statutory penalties, not later than **Friday, August 25, 2023**;

**IT IS FURTHER ORDERED** that counsel for Deangelo M. Garcia shall file objections, if any, to the Presentence Investigation Report in Case No. 15-CR-119 on or before **Friday, September 8, 2023**;

**IT IS FURTHER ORDERED** that the Government shall file responses thereto, if any, in Case No. 15-CR-119 on or before **Friday, September 22, 2023**;

**IT IS FURTHER ORDERED** that Deangelo M. Garcia shall be resentenced in full, as to all counts of conviction, on **Friday, October 6, 2023 at 10:00 A.M.** in Case No. 15-CR-119;

**IT IS FURTHER ORDERED** that the Government shall ensure Deangelo M. Garcia's in-person appearance for resentencing in Case No. 15-CR-119;

**IT IS FURTHER ORDERED** that Case No. 23-CV-709 be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment in Case No. 23-CV-709 accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge